**FILED**
**JAN 29 2016**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ISAAC WILLIAMS

Criminal Action No. 15-57 (RDM)

## MEMORANDUM OPINION AND ORDER

Defendant Isaac Williams was indicted on six counts of violating federal and District of Columbia laws related to an armed robbery of an ATM machine inside a CVS pharmacy in Washington, D.C. He and the government entered a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Williams agreed to plead guilty to violating the Hobbs Act, 18 U.S.C. § 1951, as alleged in Count 1 of the indictment, and the government agreed to dismiss the remaining five counts in return. The plea agreement further provided for an agreed-to sentencing range of between 60 and 96 months. The Court accepted the plea and was thus bound by this range under Rule 11(c)(1)(C).

Absent the parties' agreement regarding the appropriate sentencing range, the recommended range specified in the United States Sentencing Guidelines was between 151 and 188 months. This range included a two-point enhancement to Williams's criminal history level because he was on parole at the time he committed the instant offense. It also included a four-level enhancement to Williams's total offense level and placement into Category VI for his criminal history on the grounds that Williams was a career offender based, in part, on the same conviction for which Williams was on parole at the time he committed the instant offense. Absent these enhancements, his guideline range would have been between 84 and 105 months.

1

Williams committed the offense for which he was on parole more than 40 years ago, when he was 22 years old. He received a 15-year sentence for that crime but continues to be on parole because he has repeatedly violated the terms of that parole, usually by failing drug tests. He is now 63 years old. After considering this history and all of the factors in 18 U.S.C. § 3553(a), the Court sentenced Williams to 96 months for the Hobbs Act violation to which he pled guilty. Although the Court recognized that Williams's age and poor health constituted mitigating factors, it concluded that his long history of violent crime and the fact that the plea agreement already provided for a sentence well below the range recommended in the Sentencing Guidelines nonetheless supported a sentence of 96 months.

After the Court pronounced this sentence, Williams's counsel requested, for the first time, that the Court order that the 8-year sentence run concurrently with any additional term of imprisonment Williams might receive on the ground that his Hobbs Act conviction constituted a violation of the terms of his parole. The Court took that issue under advisement and permitted the parties to file supplemental briefs on whether the Court has the authority to order that the 8-year term of confinement run concurrently with any future parole revocation and, if so, whether the Court should so order. At the conclusion of the January 21, 2016, sentencing hearing, both Williams and his counsel affirmatively waived Williams's right to be present at the time the Court issues a decision on this final element of the sentencing process.

As an initial matter, the Court concludes that it has the authority to order that the sentences run concurrently. *See Setser v. United States*, 132 S. Ct. 1463 (2012). In *Setser*, the Supreme Court held that a district court had the authority to order that a sentence "run consecutively to [the defendant's] anticipated state sentence in [a] probation revocation proceeding." *Setser*, 132 S. Ct. at 1473. Although *Setser* focused on *consecutive* sentences, the

district court in that case had also ordered that its sentence run *concurrently* with an anticipated sentence for an as-yet undetermined state sentence for a substantive offense. *See id.* at 1466. That concurrent sentence was not at issue before the Supreme Court. The Court's reasoning, however, extends equally to both concurrent and consecutive sentences based on future parole revocation proceedings. *See also United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991) ("[T]he discretion exercised by [a] district court when determining whether to impose concurrent or consecutive sentences may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings."), *overruled on other grounds by United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006).

The government does not oppose any *recommendation* that the Court might make to the Parole Commission suggesting that the Commission decline to impose an additional term of confinement based on the conduct forming the basis for the sentence that the Court is now imposing. Indeed, it has expressed some skepticism that the Parole Commission will even bother to initiate revocation proceedings, since "this offense occurred in 2010 and predated two separate revocations by the [United States Parole] Commission." Dkt. 37 at 2. The government does argue, however, that the Court lacks the authority to *direct* that the Parole Commission follow that recommendation. The Court agrees that it lacks the authority to direct how the Parole Commission exercises its discretion with respect to a future proceeding. That, however, is not what Williams is asking that the Court do. Rather, he is asking that the Court limit the length of the sentence that *it* is imposing so that Williams will receive credit against *that* sentence based on whatever additional term of confinement the Parole Commission might someday impose. For the reasons given by the Supreme Court in *Setser*, the Court concludes that it has the authority to limit its *own* sentence in this manner.

Authority aside, however, the Court must still consider the separate question whether the 8-year sentence the Court has imposed should run concurrently with any future term of imprisonment based on the possible revocation of Williams's parole for committing the offense at issue in this proceeding. Multiple terms of imprisonment imposed at different times run consecutively, unless the courts orders otherwise. *See* 18 U.S.C. § 3584(a). Thus, absent some further relief from the Court—or a future condition that the Parole Commission might impose on *its* decision—the present sentence and any term of confinement imposed in the future would run consecutively. In deciding whether to depart from this presumptive result, the Court is required to consider the § 3553(a) factors, just as it is required to do in rendering a decision on the other aspects of sentencing. *See* 18 U.S.C. § 3584(b).

The Court concludes that Williams's offense was a serious one that involved the threat of deadly force. It was also part of a long pattern of dangerous criminal activity. At the same time, however, as the Court has previously recognized, Williams is 63 years old and in poor health. Based on the consideration of the nature of the crime, Williams's history, the need for both general and specific deterrence, and Williams's age and health, the Court previously concluded that the 8-year sentence was appropriate. In the Court's view, although bound by the Rule 11(c)(1)(C) plea, that sentence was neither excessive nor unduly lenient. Thus, apart from other considerations discussed below, the length of the sentence the Court has imposed does not—standing alone—warrant concurrent sentencing with respect to some future term of incarceration.

For present purposes, it is also arguably relevant that the sentencing guidelines range, which the Court considered in imposing the 8-year term, already included an enhancement for the parole violation, and it also included a career offender enhancement based on the same underlying conviction from 40 years ago. Although these enhancements arguably weigh in favor

of Williams's request, they do not fully answer the question. As noted, the sentence the Court imposed is already well below the guidelines range. Moreover, a parole violation is a separate matter that is not before the Court. Evaluation of how to treat that violation turns, in part, on the nature of the current offense and the sentence imposed, but it also requires consideration of Williams's decades-long parole history, as well as all of the aggravating and mitigating factors specified in the Parole Commission's guidelines.

In the end, the Court declines to order that the instant sentence run concurrently with any future term of imprisonment for violation of the terms of Williams's parole, but it does recommend that the Parole Commission give substantial weight to the lengthy sentence that the Court is imposing and to the Court's view that this sentence constitutes sufficient and ample punishment *for the instant offense.* The Court takes this middle course for the following reasons: Most significantly, the principle factors that would likely counsel against the imposition of a further term of incarceration are Williams's age and poor health. The Court has recommended that Williams receive treatment for his Hepatitis C, which appears to be his most serious, chronic condition. Because the Parole Commission may not act for years, it will be in a better position than the Court is in now to assess the extent to which Williams's age and health will constitute mitigating factors at the time any parole revocation might occur. *Cf. Rules and Procedures Manual*, Department of Justice, 89 (2011), *available at http://www.justice.gov/sites/default/files/ uspc/legacy/2011/12/30/uspc-manual111507.pdf* (allowing the Commission to consider "Substantial Medical Problems" and "Substantial Period in Custody on Other Sentence(s) or Additional Committed Sentences" as reasons for a "Decision Below the Guidelines"). The Commission will also be in a better position to assess whether Williams poses a continuing threat to society and to gauge how the revocation of parole might affect his total term of confinement.

In denying Williams's request that his 8-year sentence run concurrently with any future term of confinement he may receive for a parole violation, the Court does not suggest that the Parole Commission should institute revocation proceedings or that it should impose an additional term of the confinement.  To the contrary, the Court concludes that the 8-year sentence will fully serve the purposes of sentencing with respect to the only violation that is before the Court—Williams's violation of the Hobbs Act.  The Court merely concludes that this is not the type of unusual case where the Court should, in effect, seek to take from the Parole Commission its traditional ability to assess whether, notwithstanding Williams's age and poor health, he remains a sufficient threat to society that revocation of his parole on an offense that is not before the Court is warranted.

**SO ORDERED**.

RANDOLPH D. MOSS
United States District Judge

Date: January 28, 2016